■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY SPENCER, Appellant. [46 NYS3d 74]—

Judgment, Supreme Court, New York County (Jill Konviser, J., at suppression hearing; Michael Sonberg, J., at plea and sentencing), rendered June 23, 2015, convicting defendant, upon his plea of guilty, of tampering with physical evidence, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence, identification testimony and one of his statements to the police. An officer with extensive experience in narcotics arrests observed defendant, a known drug dealer, conduct a hand-to-hand exchange of an unidentified object in exchange for currency in a drug-prone location. The officer had also learned from an officer in an observation post that defendant had met with the buyer in a nearby park and directed the buyer to the parking garage where the sale was consummated.

Based on the officer's training and experience, he recognized the overall pattern of behavior as characteristic of a drug transaction, regardless of whether the object was specifically recognizable as drugs or drug packaging (*see People v Jones*, 90 NY2d 835, 837 [1997]; *People v Selby*, 82 AD3d 433, 434 [1st Dept 2011], *lv denied* 17 NY3d 801 [2011]).

Additionally, there is no basis for disturbing the credibility determinations of the hearing court, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Concur—Friedman, J.P., Renwick, Saxe and Gische, JJ.